O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD JEFFERS ) | Case No. CV 12-6844-SP |
| Plaintiff, ) | |
| v. ) | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, ) | |
| Defendant. ) | |

**I.**

**<u>INTRODUCTION</u>**

On August 13, 2012, plaintiff Edward Jeffers filed a complaint against defendant, the Commissioner of the Social Security Administration ("Commissioner"), seeking a review of a denial of disability insurance benefits ("DIB"). Both plaintiff and defendant have consented to proceed for all purposes before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). The court deems the matter suitable for adjudication without oral argument.

Plaintiff presents two disputed issues for decision: (1) whether the holding of the Administrative Law Judge ("ALJ") that plaintiff did not meet the

requirements of any listed impairment was supported by sufficient evidence; and (2) whether the ALJ failed to give clear and convincing reasons for rejecting plaintiff's subjective complaints. Plaintiff's Memorandum in Support of Complaint ("Pl. Mem.") at 4-12; Memorandum in Support of Defendant's Answer ("Def. Mem.") at 2-8; Plaintiff's Reply ("Pl. Reply") at 3-7.

Having carefully studied, inter alia, the parties's moving papers, the Administrative Record ("AR"), and the decision of the ALJ, the court finds that, with respect to the first issue, the ALJ's finding at step three that plaintiff did not meet Listing 3.02A was not appropriately developed in the record. Because the court will remand this case to the ALJ on that issue, the court need not address plaintiff's contention that the ALJ inappropriately rejected the testimony of his subjective complaints. The court also notes, however, that there appears to be evidence in the record that may undermine the ALJ's decision in that regard. Accordingly, the court remands this matter to the Commissioner in accordance with the principles and instructions enunciated in this Memorandum Opinion and Order.

## II.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, who was sixty years old on the date of his July 11, 2011 administrative hearing, has a high school education. AR at 26, 43, 134. Plaintiff has past relevant work in telemarketing. AR at 32, 55, 130, 142, 155, 157, 159, 160.

On September 2, 2009, plaintiff filed an application for DIB due to rheumatoid arthritis, heart disease, lung disease, and high blood pressure, with an onset date of November 1, 2008. AR at 26, 46, 118, 129. The Commissioner denied plaintiff's applications initially and upon reconsideration, after which he filed a request for a hearing. AR at 26, 64, 70, 75.

On July 11, 2011, plaintiff, represented by counsel, appeared and testified at

a hearing before the ALJ.  AR at 48-53.  The ALJ also heard testimony from Dr. Samuel Landau, a medical expert ("ME"), and Alan Boroskin, a vocational expert ("VE").  AR at 46-48, 53-57.  On August 15, 2011, the ALJ denied plaintiff's claim for benefits.  AR at 23-33.

Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff has not engaged in substantial gainful activity since November 1, 2008, the alleged onset date.  AR at 28.

At step two, the ALJ found that plaintiff suffers from the following severe impairments: obesity, hypertension, chronic lung disease, and tobacco abuse, in remission.  AR at 28-29.

At step three, the ALJ found that plaintiff's impairments did not meet any of the listed impairments set forth in section 20 C.F.R. part 404, Subpart P, Appendix 1.  AR at 29-30.

The ALJ then assessed plaintiff's residual functional capacity ("RFC").[1]  AR at 30.  The ALJ found that plaintiff has the RFC to perform medium work except for limitations in sitting, standing, and walking with normal breaks for a total of six hours of an eight hour day.  *Id.*  Further, plaintiff is limited to occasionally stooping and bending, and cannot climb ladders, work at heights, or balance.  *Id.*  Plaintiff can only occasionally be exposed to fumes, dusts, pollutants, extremes in temperatures, gasses, or chemicals, and his work environment must be air conditioned.  *Id.*

The ALJ found, at step four, that plaintiff was capable of performing his

---

[1] Residual functional capacity is what a claimant can do despite existing exertional and nonexertional limitations.  *Cooper v. Sullivan*, 880 F.2d 1152, 1155-56 n.5-7 (9th Cir. 1989).  "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity."  *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

past relevant work in phone sales and that this work did not require the performance of work-related activities precluded by his RFC. AR at 32. Consequently, the ALJ concluded that plaintiff did not suffer from a disability as defined by the Social Security Act. AR at 33.

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council on June 26, 2012. AR at 1-3. The ALJ's decision stands as the final decision of the Commissioner.

### III.
### STANDARD OF REVIEW

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended). But if the court determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th

Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## **DISCUSSION**

Plaintiff claims that the ALJ erred at step three when he determined that plaintiff did not meet or exceed a listed impairment, specifically Listing 3.02 for chronic pulmonary insufficiency. Pl. Mem. at 4-9. Defendant argues that while there may be evidence that some individual test results in plaintiff's medical records would meet the listed impairment in Listing 3.02, when considered in their totality, none of the test results conform with the testing procedures of Listing 3.00E ("Documentation of pulmonary function testing") and therefore the ALJ's holding was supported by substantial evidence. Def. Mem. at 2-5. Plaintiff counters that neither the ALJ nor the ME cited to or relied upon Listing 3.00E for their opinions that plaintiff was not disabled and therefore defendant cannot use these post-hoc rationalizations for the ALJ's holding on appeal. Pl. Reply at 3-4. The court agrees.

Social Security regulations provide that a claimant is disabled if he or she meets or medically equals a listed impairment set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("listings"). 20 C.F.R. §§ 416.920(a)(4)(iii) ("If you have an impairment that meets or equals one of the listings . . . we will find that you are disabled"), 416.920(d) ("If you have an impairment(s) which . . . is listed in Appendix 1 or is equal to a listed impairment(s), we will find you disabled without considering your age, education, and work experience"). In other words, if a claimant meets or equals a listing, he or she will be found disabled at this step "without further inquiry." *Tackett*, 180 F.3d at 1099. In such case, there is no need for the ALJ to complete steps four and five of the sequential process. *Lewis*

5

*v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001).

To establish that an impairment is medically equivalent to a listed impairment, it is the claimant's burden to show that his impairment "is at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 416.926(a). For an impairment or combination of impairments to equal a listing, the claimant "must present medical findings equal in severity to all the criteria for the one most similar listed impairment." *Sullivan v. Zebley*, 493 U.S. 521, 531, 110 S. Ct. 885, 107 L. Ed. 2d 967 (1990), *superseded by statute on other grounds*, 42 U.S.C. § 1382c(a)(3)(C)(i); *see* 20 C.F.R. § 416.926(a)-(b); Social Security Ruling ("SSR")[2] 83-19 (an impairment is "equivalent" to a listing only if a claimant's symptoms, signs, and laboratory findings are "at least equivalent in severity" to the criteria for the listed impairment most like the claimant's impairment). A determination of medical equivalence must rest on objective medical evidence. *See Lewis*, 236 F.3d at 514 ("[a] finding of equivalence must be based on medical evidence only" (citation omitted)). "If the findings related to [the claimant's] impairment(s) are at least of equal medical significance to those of a listed impairment, [the Commissioner] will find that [the claimant's] impairment(s) is medically equivalent to the analogous listing." 20 C.F.R. § 416.926(b)(2).

Plaintiff claims that objective medical evidence shows that he meets all the requirements of Listing 3.02 for chronic pulmonary insufficiency. Pl. Mem. at 5-6. Generally, Listing 3.02A sets the standard for finding chronic pulmonary

---

[2] "The Commissioner issues Social Security Rulings to clarify the Act's implementing regulations and the agency's policies. SSRs are binding on all components of the SSA. SSRs do not have the force of law. However, because they represent the Commissioner's interpretation of the agency's regulations, we give them some deference. We will not defer to SSRs if they are inconsistent with the statute or regulations." *Holohan v. Massanari*, 246 F.3d 1195, 1203 n.1 (9th Cir. 2001) (internal citations omitted).

6

1 insufficiency based on a person's height and pulmonary function test ("PFT")
2 results using a spirometer. Here, there are two sets of PFT results in the record.
3 AR 221-22. Table 1 accompanying Listing 3.02A states a claimant meets that
4 listing if he or she is plaintiff's height of 71 inches and has an $FEV_1$ score equal or
5 less than 1.55. 20 C.F.R. Pt. 404, Subpt. P., App. 1, Listing 3.02A. Plaintiff's first
6 PFT was on July 28, 2009. AR at 222. His $FEV_1$ was 1.55. *Id.* The results note
7 that four tests were conducted and of those four, three had acceptable results, and
8 one was reproducible.[3] *Id.* Under Listing 3.02A, this test result indicates that
9 plaintiff meets the listing. The Plaintiff's second PFT was on September 30, 2009.
10 AR at 221. His $FEV_1$ was 1.29. *Id.* The results note that three tests were
11 conducted and of those three, none were acceptable or reproducible. *Id.* Still, the
12 bare result of an $FEV_1$ of 1.29 meets Listing 3.02A for plaintiff's height. For this
13 reason, plaintiff argues, he meets Listing 3.02A and the ALJ erred in deciding
14 otherwise.

15       Defendant contends that plaintiff's tests did not conform with the
16 requirements of Listing 3.00E, which lists the documentation requirements for
17 "results of spirometry that are used for adjudication under paragraphs A and B of
18 3.02 . . . ." Def. Mem. at 3-5. Listing 3.00E provides detailed instructions for how
19 PFTs should be carried out, including acceptable levels of deviation in results
20 between test administrations and key pieces of information that are required for
21 the test results to be considered satisfactory for use in adjudication. For example,
22 Listing 3.00E requires that "[t]wo of the satisfactory spirograms should be
23 reproducible for both pre-bronchodilator tests and, if indicated, post-
24 bronchodilator tests" and notes that a test result is "considered reproducible if it
25 does not differ from the largest value by more than 5 percent or 0.1L, whichever is

---

[3] It is unclear to the court if this means that one of the three results listed as "acceptable" was also reproducible or if "reproducible" also means a better test result that also encompasses "acceptable."

7

greater." Defendant argues that because none of plaintiff's tests results in the record comply with the requirements for two reproducible tests, plaintiff has not shown that he meets a listing. Def. Mem. at 3-5. Defendant also notes that there is no evidence in the record that plaintiff was ever administered a bronchodilator, which may be required by Listing 3.00E. *Id.*; *see also* AR at 221-22, 270.

Though he did not mention plaintiff's PFT results during his step three analysis, the ALJ did note these test results earlier in his opinion, stating only that the results were "consistent with obstructive disease." AR at 29. The ALJ did not relate these test results in any way to a listing. The ME also testified that plaintiff had chronic lung disease, the severity of which was not determined; the ME did not mention or address plaintiff's PFT results. AR at 46-47. Neither the ME's testimony that plaintiff did not meet a listing nor the ALJ's decision denying benefits resolve the inconsistency between plaintiff's PFT results and their conclusions. *See* AR at 29-30, 46-47.

"At step three of the sequential process, the ALJ is generally required to elaborate as to which disability Listings he considered in the process, and state reasons why Petitioner's claim did not meet or equal the contemplated Listing." *Zahm v. Astrue*, 2010 WL 3515912, at *9 (D. Idaho Aug. 31, 2010). An ALJ's findings at step three are adequate if they, for example, "discuss in detail the requirements of each Listing and reference specific evidence in the record to support his step three determination." *Davenport v. Astrue*, 2011 WL 839280, at *4 (E.D. Wash. Mar. 7, 2011). Conversely, a boilerplate finding that plaintiff does not meet a listing is insufficient. *Lewis*, 236 F.3d at 512. Though it is unnecessary for the ALJ "to state why a claimant failed to satisfy every different section of the listing of impairments" (*Gonzalez*, 914 F.3d at 1200), *Lewis* makes it clear that an ALJ must engage in *some* analysis when finding that a claimant does not meet a listing. *See Lewis*, 236 F.3d 502 at 513 (noting that an ALJ's failure to make findings as to the severity, duration, and frequency of seizures in

the context of whether a seizure disorder met a listing "might have required reversal or remand" were it not for the evaluation of other evidence); *Bouchard v. Astrue*, 2010 WL 358538, at *4 (C.D. Cal. Jan. 25, 2010) (holding an ALJ's conclusory statement that plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments . . . ." is insufficient to support a finding that the plaintiff did not meet a listing at step three). Alternatively, if there is a discussion of the medical evidence elsewhere in the ALJ's decision, that may also form a sufficient basis for a finding that a claimant does not meet a listing. *See Lewis*, 236 F.3d at 513-14 (noting that the discussion of medical evidence elsewhere in the ALJ's decision can form a sufficient basis for a conclusion that a plaintiff does not meet a listing at step three).

When dealing with PFT results, other courts have held that the most cursory analysis of the results is sufficient to properly find that plaintiff does not meet a listing. *See, e.g., Bell v. Colvin*, 2013 WL 1410548 at, *6 (D. Ariz. Apr. 8, 2013) ("[Plaintiff's] spirometry results were abnormal, but they did not establish disability via the requirements of Listing 3.02A"); *Chang v. Astrue*, 2012 WL 4661166, at *5 (E.D. Cal. Oct. 1, 2012) (the ALJ's finding that "spirometry reports 'showed critically low readings, but the results were neither acceptable nor reproducible'" was sufficient to find that plaintiff did not meet Listing 3.02A). Here, however, the ALJ made no mention of analyzing plaintiff's PFT results. Rather, the ALJ's findings at step three concluded that plaintiff did not meet or equal any of the listings claimed, including Listing 3.02A, solely based upon the testimony of the ME. AR at 30. The ME's testimony, in turn, was simply that after consideration of the record, plaintiff's impairments did not meet a listing. AR at 47.

Though defendant argues that substantial evidence supports the ALJ's decision because plaintiff did not meet the testing requirements of Listing 3.00E,

9

neither the ALJ nor ME mentioned any reliance upon 3.00E in their analysis determining that plaintiff did not meet a listing. *See* AR at 29-30, 46-47. While it is true that in order to find that a claimant meets a listing, he must satisfy all the listed criteria in the introduction to the listing as well as the listing itself (*see* 20 C.F.R. § 404.1525(c)(3)), this court may only review the adequacy of the reasoning and holding of the ALJ and may not consider the post hoc rationalizations of the Commissioner. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009). "[R]emand is appropriate when a decision does not adequately explain how a decision was reached, '[a]nd that is so even if [the Commissioner] can offer proper post hoc explanations for such unexplained conclusions,' because 'the Commissioner's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council[.]" *T.S. ex rel. Photsikhip v. Comm'r of Soc. Sec. Admin.*, 2012 WL 1067419, at *2 (E.D. Cal. Mar. 28, 2012) (quoting *Barbato v. Comm'r of Soc. Sec. Admin.*, 923 F. Supp. 1273, 1276 n. 2 (C.D. Cal. 1996)).

Here, the ALJ did not provide the court with adequate reasons to reject plaintiff's claim that he met a listing. Accordingly, the court will remand this case so the ALJ can more fully develop the record regarding whether plaintiff meets or equals Listing 3.02A.

## V.
## REMAND IS APPROPRIATE

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000) (decision whether to remand for further proceedings

1  turns upon their likely utility). But where there are outstanding issues that must be
2  resolved before a determination can be made, and it is not clear from the record
3  that the ALJ would be required to find plaintiff disabled if all the evidence were
4  properly evaluated, remand is appropriate. *See Benecke*, 379 F.3d at 595-96;
5  *Harman*, 211 F.3d at 1179-80.
6      Here, as set out above, remand is required because the ALJ failed to make
7  an appropriate finding regarding whether plaintiff met Listing 3.02A. On remand,
8  the ALJ shall undertake a full and complete analysis on the record to determine
9  whether plaintiff meets or equals Listing 3.02A.
10     Moreover, the court notes there were additional medical records that appear
11 in the administrative record, but those records were not before the ALJ at the time
12 he rendered his decision. *See* AR 18, 283-303 (containing medical records dated
13 after the ALJ's August 15, 2011 determination of disability but before the Appeals
14 Council's June 26, 2012 denial of request for review). On remand, the ALJ shall
15 consider this new evidence as it relates to plaintiff's credibility; of particular note
16 is Exhibit No. 10F, which appears to be in direct conflict with the ALJ's
17 determination that plaintiff's treating physicians did not indicate that plaintiff
18 suffered from "wheezing, rhonchi, or rales." *See* AR at 31, 283.
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

# VI.
# **CONCLUSION**

IT IS THEREFORE ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter to the Commissioner for further administrative action consistent with this decision.

DATED: May 21, 2013

_____
SHERI PYM
United States Magistrate Judge